# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD INDERMILL,<br><br>        Defendant.<br>_____/ | CASE NO. 1:09-cv-00274-LJO-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983<br><br>(Doc. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Darryl Wakefield is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 12, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Federal Claims[1]

### A. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison-Corcoran, and alleges that Defendant Richard Indermill, a Protestant Chaplain at the prison, is violating his rights under the First and Fourteenth Amendments of the United States Constitution by failing to respond to his religious requests for weekly holy communion and foot washing.

Plaintiff, a Seventh Day Adventist, alleges that on September 3, 2008, he sent Defendant an Inmate Request for Interview form seeking a personal visit because he wanted to discuss receiving holy communion and foot washing. Defendant did not respond, and Plaintiff sent a second Inmate Request for Interview form to him on September 28, 2008. Defendant again failed to respond, and Plaintiff sent a third Inmate Request for Interview form on November 23, 2008. Defendant failed to respond to the third request, and on December 1, 2008, Plaintiff filed an inmate appeal against Defendant stating his need for communion and foot washing, and requesting that Defendant provide

---

[1] Plaintiff's prayer for relief indicates an intent to pursue a claim for violation of the California Constitution. However, Plaintiff has not alleged compliance with the California Tort Claims Act, which is a prerequisite to suit and which must be specifically alleged to state a claim. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Further, the Court has no jurisdiction over Plaintiff's state law claim absent the existence of viable federal claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

2

those services. Defendant did not respond to the appeal. Plaintiff alleges that he cannot provide communion to himself, and that Defendant may be refusing him services in retaliation for another lawsuit he is pursuing.

### B. First Amendment Free Exercise Claim

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff is entitled to a *reasonable* opportunity to practice his religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). The Constitution does not require prison officials to immediately accede to every request for accommodation that happens to be based in religion. Plaintiff's allegations do not support a claim that he is being deprived of a reasonable opportunity to practice his Seventh Day Adventism, or that the burden on his religious practice is substantial.

### C. First Amendment Retaliation Claim

In his complaint, Plaintiff notes that perhaps Defendant might be disregarding his requests for service in retaliation for another lawsuit he filed. (Doc. 1, 5:27-6:3.) Conjecture is insufficient to support a claim that Defendant is retaliating against Plaintiff in violation of his constitutional rights. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). Further, Defendant's failure to respond to Plaintiff's requests for service is not action sufficiently adverse to support a constitutional claim. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

### D. Fourteenth Amendment Claim

Finally, although Plaintiff's prayer for relief indicates an intent to pursue a claim for violation of the Fourteenth Amendment, Plaintiff's complaint sets forth no facts supporting a Fourteenth Amendment claim, and it is unclear what Plaintiff believes the violation to be. See Wilkinson v.

Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005) (to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a protected liberty interest); Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (an equal protection claim requires a showing that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class). To the extent Plaintiff is attempting to state a due process claim based on Defendant's failure to respond to his written requests for interviews and appeals, the claim fails as a matter of law because Plaintiff has no protected liberty interest in the processing of his requests and appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims against Defendant Indermill under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under section 1983;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **April 6, 2009**                         /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE