# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD,<br>Plaintiff,<br>v.<br>RICHARD INDERMILL,<br>Defendant.<br>_____________________________/ | CASE NO. 1:09-cv-00274-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 26, 32, 34, 36) |

## I. Procedural History

Plaintiff Darryl Wakefield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). This action is proceeding on the first amended complaint, filed August 11, 2009, against Defendant Indermill for violations of the First Amendment and RLUIPA. (ECF No. 14.) Defendant filed a motion to dismiss on October 18, 2010, and Plaintiff filed a opposition on January 24, 2011. (ECF Nos. 26, 32.) Defendant filed a reply on February 1, 2011, and Plaintiff filed a sur-reply on February 22, 2011. (ECF Nos. 34, 36.)

## II. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006).

All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

**B. Discussion**

Plaintiff's complaint alleges that he is a Seventh Day Adventist and receiving holy communion is essential to his religious practice. (First Amend. Compl. 3-4, ECF No. 14.) On September 3 and 28, 2008, and November 23, 2008, Plaintiff attempted to contact Defendant

Indermill to request that Defendant provide him with communion. Defendant Indermill never responded. Plaintiff submitted an Inmate Appeal Form to Defendant Indermill on December 1, 2008. Defendant Indermill did not respond. (Id. at 6.) Plaintiff submitted an inmate request for interview requesting the number that was assigned to the appeal. He received a response that the inmate appeal form that was sent to the Chaplain on December 1, 2008, was assigned number 4B2-08-12-008. (Id. at 14.)

Since Plaintiff did not receive a response to his inmate appeal, he sent a letter to Defendant Indermill's attorney requesting that Defendant visit him. (Id.) On April 30, 2009, Defendant Indermill visited Plaintiff while he was in the prison Acute Care Hospital and told Plaintiff that he was informed by his attorney that Plaintiff wanted to see him. (Id. at 6-7.) Plaintiff told Defendant Indermill that he had been trying to contact him to receive holy communion. Defendant Indermill replied that he did not have time to deal with Plaintiff's Seventh Day Adventist needs. Defendant Indermill also told Plaintiff to stop sending him requests for service because he was not going to answer them or provide the services requested. (Id. at 7.) On July 14, 2009, Defendant Indermill was visiting another inmate and Plaintiff again asked Defendant to provide communion to Plaintiff. Defendant replied that Plaintiff should send him another request form and he would see if he could provide communion. (Id.) On July 15, 2009, Plaintiff sent Defendant Indermill a request form asking for communion, but he never received a response. (Id. at 8.)

Defendant moves to have the complaint dismissed for failure to exhaust administrative remedies prior to filing suit. Defendant states that if an inmate is not satisfied or does not receive a response to the informal level appeal he is to submit his grievance to the appeal coordinator at the formal level of review. (Motion to Dismiss 2, ECF No. 26-4.) Defendant asserts that a review of the grievances filed and accepted at the formal level of review between September 1, 2008 and August 11, 2009, show that none of the ten appeals filed by Plaintiff during this time period raise the issue of holy communion or pertain to Defendant Indermill. (Id. at 3, 7.)

Plaintiff states that he attempted to exhaust his administrative remedies but was obstructed by Defendant Indermill's refusal to return the inmate appeal form so he could submit it for formal review. (Objection 3, ECF No. 32.) California Code of Regulations, Title 15 § 3084.5(a)(1) requires

that the inmate show that he has attempted to resolve the appeal in order to submit it to the formal level. The only evidence available for Plaintiff to prove that he attempted to resolve the appeal is the appeal form which Defendant Indermill refused to return to him. (Id. at 7.) Plaintiff did not receive the appeal form back until over a year after he submitted it to Defendant Indermill. At that time he attempted to submit it to the formal level, but it was rejected as being late.[1] (Id. at 8.)

Defendant Indermill states that he did respond to Plaintiff's inmate appeal. Plaintiff was interviewed by Defendant Indermill on October 2, 2009. Defendant Indermill filled out the form for Plaintiff to receive a vegetarian diet and informed him that the chaplain would serve him communion. The inmate appeal was returned to Plaintiff by interoffice mail on October 6, 2009. (Reply 2, ECF No. 34-1.)

The Court declines to accept Defendant's argument that Plaintiff was required to submit the appeal to the formal level even if he did not receive a reply at the informal level. Pursuant to the procedure established by Title 15, with certain exceptions that do not apply here, an inmate "shall attempt to resolve the grievance informally with the involved staff." Cal. Code Regs., tit. 15 § 3084.2(b). In order to present the appeal at the formal level, the inmate must present evidence that he has attempted to obtain informal review. Cal. Code Regs., tit. 15 § 3084.5(a). "At each level of review not waived, the original appeal shall be returned to the [inmate] with a written response stating the appeal issue and reasons for the decision." Cal. Code Regs., tit. 15 § 3084.6(g). "Informal responses shall be completed within ten working days." Cal. Code Regs., tit. 15 § 3084.6(b)(1). Nothing in the regulations informs an inmate that he can submit his appeal to the formal level without receiving a response at the informal level where it is not waived.

Plaintiff has presented evidence that he submitted an inmate appeal to the Chaplain on December 1, 2008. See ECF No. 1 at 16. The response to Plaintiff's request for interview states that Plaintiff's appeal was assigned log number 4B2-08-12-008. (Id.) A review of the declaration of

---

[1] Additionally, Plaintiff alleges that Defendant Indermill has been terminated by Warden Lopez for engaging in criminal activities. (Opposition 11, ECF No. 32.) Plaintiff is cautioned that setting forth such unsupported accusations is inappropriate, will not be tolerated by the Court, and further similar conduct may result in the imposition of sanctions. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

Tammy Cano and exhibits submitted with the motion to dismiss reveals that this appeal was not received for formal review, supporting Plaintiff's allegation that he did not receive it back from Defendant Indermill.

Where circumstances render exhaustion of remedies unavailable exhaustion is not required. Sapp. 623 F.3d at 822; Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010.) An exception exists where the inmate took reasonable and appropriate steps to exhaust his administrative remedies and was unable to exhaust through no fault of his own. Nunez, 591 F.3d at 1224. Plaintiff submitted a timely inmate appeal for informal review on December 1, 2008. When he did not receive a reply he submitted an inmate request for interview requesting the log number assigned to the form. Plaintiff sent a letter to Defendant Ingermill's attorney and spoke with Defendant on April 30 and July 14, 2009. Plaintiff took reasonable and appropriate steps to exhaust his administrative remedies.

Other circuits have found that failure to respond to an inmate grievance within the time period required by the regulations makes the administrative remedy unavailable. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (prison officials failure to respond to a properly filed grievance causes the administrative grievance process to be unavailable); Boyd v. Corrections Corp. Of America, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004) ("prison officials fail[ure] to timely advance the inmates's grievance" may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (administrative remedies are deemed exhausted when prison officials fail to respond to an inmate's grievance).

Taking the facts in the light most favorable to the non-moving party, Plaintiff submitted his inmate appeal in a timely manner and Defendant failed to respond. Under these circumstances Defendant has not carried his burden of establishing failure to exhaust administrative remedies and the motion to dismiss for failure to exhaust will be denied.

Accordingly, it is HEREBY ORDERED that Defendant's motion to dismiss for failure to exhaust administrative remedies, filed October 18, 2010, is DENIED.

IT IS SO ORDERED.

**Dated: May 2, 2011**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE