# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD,<br><br>         Plaintiff,<br><br>    v.<br><br>RICHARD INDERMILL,<br><br>         Defendant.<br>_____ / | CASE NO. 1:09-cv-00274-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DECLARE PERJURY ON DEFENDANT INDERMILL AND TAMMY CANO<br><br>(ECF No. 38) |

Plaintiff Darryl Wakefield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). This action is proceeding on the first amended complaint, filed August 11, 2009, against Defendant Indermill for violations of the First Amendment and RLUIPA. (ECF No. 14.) Defendant filed a motion to dismiss on October 18, 2010, and Plaintiff filed a opposition on January 24, 2011. (ECF Nos. 26, 32.) Defendant filed a reply on February 1, 2011, and Plaintiff filed a sur-reply on February 22, 2011. (ECF Nos. 34, 36.) Plaintiff filed a motion to declare perjury on Defendant Indermill and Tammy Cano on March 16, 2010, which the Court construes as a motion for sanctions based upon Tammy Cano's declaration in the motion to dismiss. (ECF No. 38.)

Plaintiff's complaint alleges that he was denied Holy Communion by Defendant Indermill. On July 15, 2009, Plaintiff sent Defendant Indermill a request form asking for Holy Communion, but he never received a response. (First Amend. Compl. 8, ECF No. 14.) After several more attempts to receive Communion, Plaintiff submitted an inmate grievance form to Defendant

1  Indermill on December 1, 2008.  (Id. at 6.)  Plaintiff sent an inmate request for interview and was
2  informed that his grievance was assigned number 4B2-08-12-008.  (Id. at 16.)

3        Plaintiff alleges that Defendant submitted a perjured document in the motion to dismiss.  In
4  her declaration Tammy Cano stated, "I understand that the inmate has cited an 'informal' log number
5  of 4B2-018-1208.  However, CSP-Corcoran does not assign tracking numbers to informal appeals
6  and our appeals system contains no record of this log number."  (ECF 26-4 at 3:5-7.)  Plaintiff
7  requests the Court award $5000 in sanctions against Tammy Cano and Defendant Indermill, for a
8  total of $10,000.  (ECF No. 38 at 2.)  In his motion, Plaintiff submits a copy of an appeal log for the
9  month of December 2008, Facility IVB, Building 2.  (Id. at 6.)

10        The Court derives the power to impose sanctions on parties or their counsel from three
11  primary sources of authority.  "(1) Federal Rule of Civil Procedure 11, which applies to signed
12  writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that
13  unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."  Fink
14  v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

15        Under Rule 11 a party has an affirmative duty to investigate the law and facts prior to filing.
16  Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987).  Whether to impose sanctions
17  is determined by the reasonableness of the inquiry into the law and facts.  G.C. & K.B. Investments
18  v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).

19        The Court has inherent power to sanction parties or their attorneys for improper conduct.
20  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752,
21  766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under
22  the court's inherent authority is discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of
23  London, 45 F.3d 288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of
24  litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47).  However, in order
25  to sanction a litigant under the court's inherent powers, the court must make a specific finding of
26  "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.

27        There are four levels of appeal involved in the prison grievance process, including the
28  informal level, first formal level, second formal level, and third formal level.  Cal. Code Regs. tit 15,

§ 3084.5. The informal level established by Title 15, states that an inmate "shall attempt to resolve the grievance informally with the involved staff." Cal. Code Regs., tit. 15 § 3084.2(b). An inmate meets this requirement by submitting his inmate appeal to the involved staff member prior to submitting it to the appeal coordinator for formal review. See Cal. Code Regs., tit. 15 § 3084.5(a).

Plaintiff alleges that the appeal log he included with his motion proves that Ms. Cano submitted a falsified declaration. The document submitted by Plaintiff appears to be a log of informal appeals that was kept by correctional officers in the building in which inmates are housed. This specific log states that it is for Facility IVB, Building Two. In response to his request for inmate interview, Plaintiff was provided with a log number 4B2-08-12-008. This number appears to refer to entry number 8, submitted December 1, 2008, on the log for 4B, Building 2.

In her declaration, Ms. Cano states that, as appeal coordinator, she is the custodian of records for inmate appeals at Corcoran. (ECF 26-4 at 1.) Ms. Cano declares that Corcoran does not assign tracking numbers to informal appeals and the appeals system contains no such log number. (Id. at 3.) In the Court's experience, which is consistent with the tracking system log provided by Defendant, log numbers of inmate appeals consist of a number, the year filed, and five numbers (ex. 6-08-03011). See id. at 10. No appeal document provided by the parties in this action has a number similar to the number Plaintiff was provided in response to his inmate request for interview.

Plaintiff alleges that this appeal log was accessible to Ms. Cano through her appeal system, but submits no evidence to support that statement. The document submitted by Plaintiff does not appear to be a document kept by the appeals office, but a record of informal appeals kept by correctional officers where Plaintiff was housed. As such the Court declines to find that Ms. Cano, as appeals coordinator, submitted false testimony and Plaintiff's motion shall be denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for perjury filed March 16, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   May 2, 2011**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE