# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD INDERMILL,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:09-cv-00274-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>(ECF Nos. 35, 37, 39, 40)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO DECLARE PERJURY<br><br>(ECF Nos. 41, 43, 44) |

**I.     Procedural History**

Plaintiff Darryl Wakefield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000). This action is proceeding on the first amended complaint, filed August 11, 2009, against Defendant Indermill for violations of the First Amendment and RLUIPA. (ECF No. 14.) Defendant Indermill filed an answer on August 13, 2010. (ECF No. 21.) On August 16, 2010, a discovery and scheduling order was issued, under which the deadline for the completion of all discovery, including filing motions to compel, was April 16, 2011. Discovery is currently closed in this action.

On February 22, 2011, Plaintiff filed a motion to compel which did not include copies of the discovery requests and answers. (ECF No. 35.) Defendant filed an objection to the motion to compel on March 9, 2011. (ECF No. 37.) On March 16, 2011, Plaintiff filed two motions to compel which included the discovery requests and answers, that appear to be identical. (ECF Nos. 39, 40.)

1

1  Plaintiff filed motions to declare perjury on March 16 and April 18, 2011, which the Court construes
2  as motions for sanctions based upon Defendant's answers to discovery requests. (ECF Nos. 41, 44.)
3  On March 25, 2011, Defendant filed an opposition to Plaintiff's motions to declare perjury. (ECF
4  No. 43.) In his response Defendant states that he is unaware of any case law or statutes supporting
5  Plaintiff's motions and if Plaintiff wants to assert that Defendant is perjuring himself he may do so
6  at trial.

**II.       Motions to Compel**

Plaintiff's motion to compel alleges that he submitted interrogatories to Defendant and did not receive completed response to the questions asked. While Plaintiff identifies the specific interrogatories that he seeks further response to, he fails to address why the interrogatories are deficient. A motion to compel must be accompanied by a copy of Plaintiff's discovery requests at issue and a copy of Defendant's responses to the discovery requests. Further, as the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling responses. The Court shall deny Plaintiff's motion on the ground that it is procedurally deficient. The denial will be without prejudice to curing the deficiencies and re-filing the motion, within thirty days.

**III.      Motions to Declare Perjury**

Plaintiff requests that the Court order sanctions against Defendant Indermill and his attorneys for lying, falsifying documents, and providing Plaintiff with perjured testimony. (Motion to Declare Perjury 1:14-17, ECF No. 41; Motion to Declare Perjury 1:14-17; ECF No. 44.) In Plaintiff's motion filed on March 16, 2011, Plaintiff states that he requested Defendant provide information on inmate appeals in Request for Production Nos. 1, 2, and 6 and Interrogatories Nos. 7, 8, and 9. Defendant Indermill responded that he did not have the documents in his possession. (ECF No. 41 at 1-2.) However, Defendant provided a copy of the inmate appeal that was dated September 22, 2009, in his motion to dismiss and stated that it was his habit to keep a copy of all inmate appeals that he had replied to. (Id. at 2-3.) Plaintiff claims that this proves that Defendant Indermill provided false

2

testimony in his discovery responses.

The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority.  "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."  <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001).

Under Rule 11 a party has an affirmative duty to investigate the law and facts prior to filing.  <u>Rachel v. Banana Republic, Inc.</u>, 831 F.2d 1503, 1508 (9th Cir. 1987).  Whether to impose sanctions is determined by the reasonableness of the inquiry into the law and facts.  <u>G.C. & K.B. Investments v. Wilson</u>, 326 F.3d 1096, 1109 (9th Cir. 2003).

The Court has inherent power to sanction parties or their attorneys for improper conduct.  <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43-46 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980); <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the court's inherent authority is discretionary.  <u>Air Separation, Inc. v. Underwriters at Lloyd's of London</u>, 45 F.3d 288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of litigation abuses.'"  <u>Fink</u>, 239 F.3d at 992 (quoting <u>Chambers</u>, 501 U.S. at 46-47).  However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith."  <u>Fink</u>, 239 F.3d at 994.

Plaintiff's Requests for Production stated:

<u>Plaintiff's Request for Production No. 1</u>

> The file you keep on me showing all records of 602 Appeals, Inmates Request For Interview, etc.

<u>Defendant's Response to Request for Production No. 1</u>

> Responding party objects to this request on the ground that it is overly broad and vague and ambiguous.  Without waiving these objections, responding party did not keep a file on plaintiff.  Responding party has not [sic] such documents in his possession.

<u>Plaintiff's Request for Production No. 2</u>

> All 602 Appeals filed on you by other prisoners.

<u>Defendant's Response to Request for Production No. 2</u>

3

    Responding party objects to this request on the ground that it is overly broad and not likely to lead to the discovery of admissible evidence and invasive of the privacy of third parties. Without waiving these objections, responding party does not have possession of any such documents.

Plaintiff's Request for Production No. 6

    Provide me with an up-to-date list of all prisoners you provided approval to receive religious diets and their present housing assignments, and their religious faith claim.

Defendant's Response to Request for Production No. 6

    Responding party objects to this request on the ground that it is overly broad and invades the privacy of third parties. Without waiving these objections, responding party does not have such a list.

Plaintiff's Interrogatories stated:

Plaintiff's Interrogatory No. 7

    Do you keep a file on each prisoner including me in your office on what religious activity/services you provide?

Defendant's Response to Interrogatory No. 7

    No.

Plaintiff's Interrogatory No. 8

    If yes to No. 7 please attach a copy of my entire file to these interrogatories.

Defendant's Response to Interrogatory No. 8

    Not applicable.

Plaintiff's Interrogatory No. 9

    Have you been 602 [sic] by other prisoners for failing to provide services, etc.

Defendant's Response to Interrogatory No. 9

    Responding party objects to this interrogatory as overly broad, unintelligible and violates third parties rights. Without waiving these objections, yes.

Plaintiff states that since Defendant had a copy of his inmate appeal, Defendant committed perjury by his responses to Plaintiff's discovery requests. However, Plaintiff never requested that Defendant provide a copy of his inmate appeal. Plaintiff's request was for a copy of any file which Defendant kept on Plaintiff. Defendant responded that he did not keep a file on Plaintiff.

4

Additionally, Defendant claims that he did not receive the inmate appeal that was originally submitted by Plaintiff. Plaintiff alleges that the appeal that was responded to in 2009 was the same appeal he originally submitted, however this is a factual dispute that would be decided by the trier of fact. Since Plaintiff never specifically requested a copy of the inmate appeal that Plaintiff submitted to him, the Court does not find that Defendant submitted false responses to Plaintiff's discovery requests.

In the motion filed April 18, 2011, Plaintiff states that Defendant Indermill provided false testimony in his response to Interrogatory No. 19.

<u>Plaintiff's Interrogatory No. 19</u>

When will you start providing me with the requested services for my religious practices, namely Holy Communion and foot washing?"

<u>Defendant's Response to Interrogatory No 19</u>

Responding party objects to this interrogatory on the grounds that it is argumentative. That [sic] waiving this objection, responding party has provided plaintiff with services and will continue to do so.

Plaintiff requests sanctions because Defendant Indermill has been assigned to other duties and is unable to provide these services to Plaintiff. Plaintiff argues that "[t]his clearly shows defendant lied about continuing to provide me with religious services." (ECF No. 44 at 2.) The Court declines to accept Plaintiff's argument that the response to Interrogatory 19 is false because Defendant is not assigned to the same duties any longer. Plaintiff fails to show that Defendant was not able to provide services at the time that the responses were made or that Defendant would not provide services were he reassigned and once again available to Plaintiff.

Based on the foregoing the Court does not find that Defendant submitted perjured responses to Plaintiff's discovery requests and the motions shall be denied.

**IV.  Order**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's motions to compel filed February 22, 2011, and March 16, 2011, are DENIED, without prejudice, on the ground that they are procedurally deficient;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff may re-file his motion to compel curing the deficiencies identified by the Court in this order; and

3.  Plaintiff's motions to declare perjury on Defendant filed March 16, 2011, and April 18, 2011, are DENIED.

IT IS SO ORDERED.

**Dated:   May 3, 2011**                      /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE